United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Edith Ruth Macauley-Barrett  
    Debtor

Case No. 19-12487-amc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: Keith     Page 1 of 1     Date Rcvd: Sep 30, 2019  
                        Form ID: pdf900     Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 02, 2019.
```
db            +Edith Ruth Macauley-Barrett,    601 Sylvania Road,    Exton, PA 19341-2401
cr            +Bejamin Roth Desko & Jill Lynette Desko,    1941 Vitae Place,    Cosa Mesa, CA 92627-8558
cr            +US Bank National Association, as Trustee for Secur,    c/o REBECCA ANN SOLARZ,
               701 Market Street, Suite 5000,    Philadelphia, PA 19106-1541
cr            +West Whiteland Township,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
               Norristown, PA 19404-3020
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr             +E-mail/Text: bncnotice@ph13trustee.com Oct 01 2019 04:02:05      WILLIAM C. MILLER,
               Office of the Chap. 13 Standing Trustee,    P.O. Box 1229,    Philadelphia, PA 19105-1229
                                                                                             TOTAL: 1
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 02, 2019                                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 30, 2019 at the address(es) listed below:
```
              DIANA M. DIXON    on behalf of Debtor Edith Ruth Macauley-Barrett dianamdixonesq@gmail.com
              JAMES RANDOLPH WOOD    on behalf of Creditor    West Whiteland Township jwood@portnoffonline.com,
               jwood@ecf.inforuptcy.com
              MICHAEL G. LOUIS    on behalf of Creditor    Bejamin Roth Desko & Jill Lynette Desko
               mlouis@macelree.com
              REBECCA ANN SOLARZ    on behalf of Creditor    US Bank National Association, as Trustee for
               Securitized Asset Backed Receivables LLC Trust 2006-NC2, Mortgage Pass-Through Certificates,
               Series 2006-NC2 bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 6
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edith Ruth Macauley-Barrett aka Ruth Barrett<br>Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for US Bank National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-NC2, Mortgage Pass-Through Certificates, Series 2006-NC2<br>Movant<br>vs.<br>Edith Ruth Macauley-Barrett aka Ruth Barrett<br>Debtor<br>Vancouier Barrett<br>Co-Debtor<br>William C. Miller, Esquire<br>Trustee | NO. 19-12487 AMC<br><br>11 U.S.C. Sections 362 and 1301 (c) |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$17,611.20**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | May 2019 to September 2019 at $3,522.24/month |
| **Total Post-Petition Arrears** | **$17,611.20** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$17,611.20.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $17,611.20 along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $3,522.24 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 3, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 09-14-19

Diana M. Dixon, Esquire
Attorney for Debtors

Date: 9-17-19

JACK William C. Miller, Esquire
Chapter 13 Trustee
NO objection

Approved by the Court this 30th day of September, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan